DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael A. Crowe, appeals from his convictions in the Wadsworth Municipal Court. This Court affirms.
 I. {¶ 2} On May 28, 2004, Appellant lost control of his motorcycle and collided with a truck which was stopped behind another vehicle at an intersection. The driver of the truck testified that Appellant left the scene of the accident prior to providing the driver and/or any police officer with his name, address and registration. Appellant contends that, before leaving the scene of the accident, he provided the driver of the truck with his name, address and directions to his home. Additionally, the driver of the truck testified that during his brief encounter with Appellant at the accident scene, he smelled alcohol on Appellant's breath. In Appellant's defense he testified that beer bottles contained in his travel pack broke during the accident and spilled on his clothing, causing him to smell of alcohol.
 {¶ 3} A Wadsworth patrolman observed Appellant leaving the accident scene. Within a few minutes of the accident, three officers located Appellant at his residence. The officers also detected alcohol on Appellant's breath. Based on the observations of the officer and Appellant's performance on field sobriety tests, they arrested Appellant and transported him to the Wadsworth Police Station where the officers administered the intoxilizer breath test. Although Appellant attempted the breath test, he failed to provide a sufficient sample of his breath and the officers thus did not obtain a reading from the breath test. The record indicates that Appellant's effort was designated as a refusal of the breath test.
 {¶ 4} As a result of his actions, Appellant was cited for operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1), failing to stop after an accident involving damages in violation of Wadsworth City Code Section 73.20(A)(1) and failure to maintain an assured clear distance in violation of Wadsworth City Code Section 73.10(A). Appellant pleaded not guilty to all charges. The OVI and failure to stop after an accident charges were tried before a jury who found the Appellant guilty on both charges. The trial court found Appellant guilty of the failure to maintain an assured clear distance charge.
 {¶ 5} On November 23, 2004, the trial court sentenced Appellant to a jail term of sixty (60) days on the OVI count and imposed a one year license suspension as well as fines. The trial court imposed fines on the failure to stop after an accident offense and court costs on the assured clear distance offense. Appellant timely filed an appeal, raising one assignment of error.
 II. ASSIGNMENT OF ERROR I
"There was insufficient evidence to support the jury's verdicts, and defendant's convictions were against the manifest weight of the evidence."
 {¶ 6} In his assignment of error, Appellant argues that insufficient evidence was produced to establish venue and to sustain his convictions for driving under the influence, failure to stop after an accident and failure to maintain an assured clear distance and that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *4, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *5.
Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency.
 {¶ 8} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
A. Venue
 {¶ 9} At the outset, Appellant argues that his convictions were against the manifest weight of the evidence because the evidence was not sufficient to establish that the offense occurred in Medina County and that Medina County was the proper venue.
 {¶ 10} R.C. 2901.12(A) provides that:
"The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
"Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." State v. Myers, Summit App. No. 21874, 2004-Ohio-4195, at ¶ 4, quoting State v.Headley (1983), 6 Ohio St.3d 475, 477.
 {¶ 11} The trial transcript reflects that the State established venue through the testimony of State witnesses including Officer David Samic who testified:
Prosecutor: "During the course of your duties on that date [May 28, 2004], did you have occasion to become aware of a motorcycle accident that had taken place near the intersection of College Street and Trease Road in the City of Wadsworth, Medina County, Ohio? Officer Samic: "I did."
Accordingly, Appellant's challenge to his conviction on the basis of venue must fail.
 {¶ 12} We will next examine Appellant's manifest weight challenges to each of his three convictions.
B. Operating a Vehicle While Under the Influence
 {¶ 13} R.C. 4511.19(A)(1) governs operation of a motor vehicle while under the influence of alcohol and/or drugs and provides as follows:
"No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
"The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 14} With that authority, we examine Appellant's contention that his conviction for operation of a vehicle while under the influence was against the manifest weight of the evidence. In its case, the State presented testimony from Maxx Matheny, the driver of the truck who testified that during his conversation with Appellant at the accident scene, he smelled alcohol on Appellant's breath. The State also called Officers Andrew Blubaugh and Phillip Canfora who arrived at Appellant's house a few moments after Appellant returned home from the accident scene. Officer Blubaugh testified that he noticed an odor of alcohol emanating from Appellant and that Appellant's appearance and behavior indicated that he was under the influence of alcohol. Further, Officer Blubaugh testified that Appellant's performance on both of the field sobriety tests administered by the officers included errors such as failing to count in the manner instructed. Officer Canfora testified that from his initial observations of Appellant, it was obvious to him that Appellant was under the influence of alcohol.
 {¶ 15} The State presented specific evidence regarding the timing of events on May 28, 2004. Officer Samic testified that he observed Appellant leaving the scene of the accident and at 6:27, Officer Samic radioed to other Wadsworth police officers that an individual (later identified as Appellant) was traveling approximately two blocks from an accident at Wadsworth Rd. Officer Blubaugh then testified that he responded to Officer Samic's message and arrived at Appellant's house at 6:32 p.m.
 {¶ 16} In his defense, Appellant testified that just prior to the accident, he had purchased a twelve pack of Michelob bottles. He contends that the bottles broke during the accident and that any alcohol scent emanating from his person while at the scene of the accident was merely alcohol that had spilled on him during the accident.
 {¶ 17} Appellant further testified that in the five minutes between Officer Samic's radio message regarding Appellant's departure from the accident scene and the officers' arrival at his home, he disposed of the broken beer bottles, inspected his motorcycle, obtained all the information he needed to show the police regarding the accident, removed his gloves, leather outfit, chaps and jacket, changed his clothes, examined his injuries, consumed the equivalent of three shots of whiskey and grabbed the phone to call the police. Before he could dial the police department phone number, the police arrived at his front door. Appellant testified that this consumption of whiskey was responsible for any alcohol scent detected by the officers.
 {¶ 18} The parties presented contradictory facts in support of their arguments. The jury apparently believed the testimony of the State's witnesses. This Court will not overturn a verdict on a manifest weight challenge simply because the trier of fact chose to believe the State's witnesses rather than the Appellant's witnesses. State v. Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 28.
 {¶ 19} Upon review of the parties' evidence regarding Appellant's actions on May 28, 2004, we find that the jury could reasonably have concluded that Appellant's timing of events did not seem plausible and that Appellant's consumption of alcohol preceded the accident. In light of the State's specific evidence in support of the operating a vehicle while under the influence charge, we conclude that the decision below was not against the manifest weight of the evidence.
C. Failure to Provide Identity and Address Before LeavingAccident
 {¶ 20} Wadsworth City Code Section 73.20(A)(1) governs the exchange of identity and address at the scene of an accident and provides:
"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision."
 {¶ 21} Under that authority, we examine Appellant's contention that his conviction for failure to provide name and address before leaving an accident scene was against the manifest weight of the evidence. In support of its case, the State provided testimony from Mr. Matheny who testified that Appellant only gave Mr. Matheny part of his license plate number but that Appellant never provided Mr. Matheny with his name, and/or address. Appellant contends that he indeed provided Mr. Matheny with his name, address and directions to his home, but that Matheny was talking on his cell phone at that time and was not paying close attention. The parties do not dispute that Appellant left the accident scene prior to the arrival of any police officer.
 {¶ 22} The reviewing court will not disturb the factual determinations of the trier of fact because the trier of fact is in the best position to determine the credibility of witnesses during trial. State v. Rogers, 9th Dist. No. 22354, 2005-Ohio-3117, at ¶ 19. The parties presented contradictory facts in support of their arguments and, as previously discussed, this Court will not overturn the trial court's verdict on a manifest weight challenge simply because the trier of fact chose to believe the State's witnesses rather than Appellant's witnesses. Merryman, at ¶ 28.
 {¶ 23} Based on the foregoing this Court finds that the trial court could have reasonably concluded that Appellant failed to provide his identity and/or address prior to leaving the accident scene. Consequently, this Court concludes that Appellant's conviction for failing to provide his identity and address prior to leaving the scene of the accident was not against the manifest weight of the evidence.
D. Failure to Maintain an Assured Clear Distance
 {¶ 24} Appellant similarly challenges his conviction for failure to maintain an assured clear distance in violation of Wadsworth City Code Section 73.10(A) which provides as follows:
"No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard for the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him or her to bring it to a stop within the assured clear distance ahead."
Appellant has failed to provide arguments in support of his contention that the trial court's assured clear distance conviction was against the manifest weight of the evidence. "If an argument exists that can support this [assertion], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 18673, at *22. Consequently, this Court will not conduct a review of the evidence produced regarding Appellant's conviction for failure to maintain an assured clear distance.
 {¶ 25} As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency. Roberts, supra, at 5. Accordingly, Appellant's assignment of error is overruled.
 III. {¶ 26} Appellant's assignment of error is overruled, and the judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J. Concur.