DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Tam Nguyen, appeals his conviction and sentence out of the Summit County Court of Common Pleas. This Court affirms, in part, and reverses, in part.
 I. {¶ 2} Appellant was indicted on January 5, 2005, on six counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree. Three others were indicted on similar charges arising out of the same alleged incidents of violence at a birthday party on December 25, 2004. Appellant and his three co-defendants were tried together before a jury commencing on August 2, 2005. Appellant moved for judgment of acquittal pursuant to Crim.R. 29 at the conclusion of the State's case-in-chief and again at the close of all evidence. The trial court denied appellant's Crim.R. 29 motions. At the conclusion of the trial, the jury found appellant guilty of one count of felonious assault as charged in the indictment as against Chau T. Nguyen, and guilty of two counts of the lesser included offense of assault (misdemeanors of the first degree) as against Steven Nguyen and Minh D. Hoang. The trial court sentenced appellant to five years in prison for the crime of felonious assault, and to six months in jail for each assault, with all sentences to be served concurrently. Appellant timely appeals, raising six assignments of error for review. Some assignments of error are consolidated for ease of review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT BY READING A JURY INSTRUCTION TO THE JURY IN THE COURTROOM WITHOUT THE PRESENCE OF APPELLANT AND APPELLANT'S COUNSEL IN THE COURTROOM IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHT TO BE PRESENT AT ALL CRITICAL STAGES OF THE PROCEEDINGS AGAINST HIM AS GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 3} Appellant argues that the trial court committed plain error to the prejudice of appellant when it issued an Allen
charge to the jury in appellant's absence.[1] This Court disagrees.
 {¶ 4} After the jury notified the trial court that it had reached an impasse in its deliberations as to one or more of the co-defendants in this case, the court met with counsel to inform them that it would issue the Allen charge to the jury, instructing them to continue their deliberations. Appellant objected to the giving of the charge, arguing that it would put undue pressure on any jurors in the minority to compromise the integrity of the verdict and agree with the majority, only because two jurors had to leave later that day. The trial court informed counsel of the charge it would give the jury to continue deliberations, including an instruction that "[i]f they cannot agree that further deliberations will not serve a useful purpose, at that point they may be returned to the courtroom and report that fact to the Court." After all jurors appeared for the day, the trial court gave the Allen charge. The transcript reflects in regard to the charge that "[t]he following proceedings were had in the presence of the jury." Appellant now argues that neither he nor his attorney nor the assistant prosecutor were present in the courtroom during the charge. The record is clear, and appellant does not dispute, that appellant did not raise any objection before the trial court to his absence during the court's charging the jury to continue deliberations. Instead, appellant argues that the trial court committed plain error and that prejudice is presumed.
 {¶ 5} Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This Court has stated, however, that:
"notice of plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. Therefore, this Court will not reverse the trial court decision unless it has been established that the trial court outcome would have clearly been different but for the alleged error." (Internal citations omitted.) State v. Smith, 9th Dist. No. 22550,2006-Ohio-158, at ¶ 5.
 {¶ 6} The United States Supreme Court has held that:
"even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right `to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.' Snyder v.Massachusetts (1934), 291 U.S. 97, 105-106. Although the Court has emphasized that this privilege of presence is not guaranteed `when presence would be useless, or the benefit but a shadow,' id., at 106-107, due process clearly requires that a defendant be allowed to be present `to the extent that a fair and just hearing would be thwarted by his absence,' id., at 108. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."Kentucky v. Stincer (1987), 482 U.S. 730, 745.
 {¶ 7} Recognizing a criminal defendant's fundamental right to be present at all critical stages of his trial, the Ohio Supreme Court has held that
"even if a defendant should have been present at a stage of the trial, `[e]rrors of constitutional dimension are not ipso facto prejudicial.' Prejudicial error exists only where `a fair and just hearing [is] thwarted by [defendant's] absence.'" (Emphasis sic.) (Internal citations omitted.) State v. White (1998),82 Ohio St.3d 16, 26.
 {¶ 8} This is not the case where appellant was absent while the trial court was instructing the jury as to the law of the case. Cf. Jones v. State (1875), 26 Ohio St. 208. In this case the trial court merely engaged in a managerial act by charging the jury to continue its deliberations, rather than directing the jury on any substantive matters. The trial court did not reiterate any substantive instructions when it gave the Allen
charge.
 {¶ 9} Appellant has presented no reason why his presence during the Allen charge was critical to the outcome of the trial or that it would have contributed in any way to the fairness of the procedure. He has further failed to allege how he was prejudiced by his absence during the charge or how his presence had a reasonably substantial relation to his opportunity to fully defend against the charges. Under these circumstances, this Court finds that appellant's absence during the trial court's Allen charge to the jury did not deprive him of a fair trial or prejudice his right to fully defend himself against the charges. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL, AS TO COUNT THREE OF THE INDICTMENT, PURSUANT TO CRIM.R. 29(A) IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO."
 ASSIGNMENT OF ERROR III
"THE JUDGMENT OF CONVICTION FOR FELONIOUS ASSAULT ON COUNT THREE AND ON THE LESSER INCLUDED OFFENSES OF ASSAULT AS TO COUNTS ONE AND TWO ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 10} Appellant argues that the trial court erred by denying his motion for judgment of acquittal pursuant to Crim.R.29, because his conviction for felonious assault was not supported by sufficient evidence. Appellant further argues that all three convictions for felonious assault and assault were against the manifest weight of the evidence. This Court disagrees.
 {¶ 11} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a trial court's ruling on a Crim.R. 29(A) motion for acquittal, this Court construes the evidence in a light most favorable to the State. State v. Wolfe (1988),51 Ohio App.3d 215, 216.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752.
 {¶ 12} The test for sufficiency requires a determination of whether the State has met its burden of production at trial.State v. Walker (Dec. 12, 2001), 9th Dist. No. 20559; See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 390.
 {¶ 13} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley
(Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing Thompkins, 78 Ohio St.3d at 390 (Cook J., concurring).
 {¶ 14} A determination of whether a conviction is against the manifest weight of the evidence, unlike a sufficiency determination, does not permit this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654, 2004-Ohio-1422, at ¶ 11. Rather,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
A new trial should be granted, however, only in the exceptional case, where the evidence weighs heavily against the conviction. Id.
 {¶ 15} This Court has stated that "[s]ufficiency is required to take a case to the jury [.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 16} Appellant was convicted of one count of felonious assault in violation of R.C. 2903.11(A)(2) as against Chau T. Nguyen, and of two counts of assault in violation of R.C.2903.13(A) and/or (B)[2] as against Steven Nguyen and Minh Hoang.
 {¶ 17} R.C. 2903.11(A)(2), regarding felonious assault, states that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." The alleged deadly weapon in this case was a knife. "Physical harm to persons" means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).
 {¶ 18} R.C. 2903.13, regarding assault, states that "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn. (B) No person shall recklessly cause serious physical harm to another or to another's unborn." "Serious physical harm to persons" means any of the following:
"(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
"(b) Any physical harm that carries a substantial risk or death;
"(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
"(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
"(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5).
 {¶ 19} R.C. 2901.22(B) states:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 20} R.C. 2901.22(C) states:
"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 21} In addition, a defendant may be convicted of the principal offense if it is established that the defendant acted in complicity with another. See State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 36, citing State v. Herring (2002),94 Ohio St.3d 246, 251. R.C. 2923.03(A)(2) addresses complicity and provides, in pertinent part, "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" The Ohio Supreme Court has held:
"To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." State v. Johnson (2001),93 Ohio St.3d 240, syllabus.
In this case, the trial court instructed the jury on complicity.
 {¶ 22} This Court previously stated in regard to a co-defendant's case:
"Because a defendant's mental state is difficult to demonstrate with direct evidence, it may be inferred from the surrounding circumstances in the case. Culpable mental states can be established by circumstantial as well as direct evidence.
"Furthermore, if the State relies on circumstantial evidence to prove any essential element of an offense, it is not necessary for `such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.' It is well established that circumstantial evidence and direct evidence possess the same probative value. `Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.' While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. Moreover, a series of facts and circumstances can be employed by a jury as the basis for it ultimate conclusion in a case." (Internal citations omitted.) State v. Tran, 9th Dist. No. 22911,2006-Ohio-4349, at ¶¶ 12-13.
 {¶ 23} The State presented the testimony of eighteen witnesses, including that of each of the victims. There is no dispute that appellant and his co-defendants, Vi Tran, Andy Tran and Peter Tran, and all the victims were attending a birthday party on the evening of December 25, 2004 at the home of Toan Chung in Akron, Ohio. Most of the men attending the party congregated in the basement, while the women and children remained on the first and second floors of the home. At some time during the evening, several party-goers were attacked and the police and paramedics were called to the scene. The police found numerous victims who were bleeding profusely. There was a large amount of blood in the basement and throughout the kitchen. The testimony of the various witnesses regarding the events of the evening was at times inconsistent and contradictory. Many witnesses in this case are Vietnamese, and several testified through an interpreter who was sworn at the beginning of trial.
Chau T. Nguyen
 {¶ 24} Appellant was convicted of one count of felonious assault as against Chau Nguyen.
 {¶ 25} Chau Nguyen testified that he attended the birthday party with his wife and children. He further testified to the following. When he went to the basement to spend time with the men, appellant, Vi Tran, Andy Tran and Peter Tran were already there, along with approximately ten other people. Chau Nguyen knew appellant since the time appellant arrived in the United States from Vietnam. He and appellant were involved in a prior confrontation in the summer of 2003, when appellant cursed him, hit him and scratched his face during a volleyball game.
 {¶ 26} Chau Nguyen testified that appellant began to act strangely at the party, standing up and yelling that he is not scared of anybody in the basement and that he wanted to "kick everybody [ass]." Chau Nguyen testified that appellant then pulled out a stair rail and tried to fight with another party-goer named Tai. He testified that Tai then threw a bottle of beer on the floor. Chau Nguyen testified that, before any altercations began, appellant blocked the stairs leading out of the basement as he held the broken rail. He testified that appellant "block the way. He let no one to get out." Others, including Steven Nguyen and Minh Hoang, testified that appellant was at various locations on the stairs, blocking the escape of those in the basement.
 {¶ 27} Chau Nguyen testified that he went to the restroom in the basement. He continued to testify to the following. When he exited, Peter Tran, Andy Tran and appellant attacked him. He felt pain in his belly and "stuff" on his hands. He testified that appellant bit him in the face and on the finger and stabbed him on the lip. Although Chau Nguyen did not see any weapon, he testified that he felt an object injure his lip. He testified that he believed he was not injured by merely a fingernail, because he received two or three stitches for the injury. Chau Nguyen testified that he was certain that it was appellant who cut his lip, because he heard appellant yell, "I go to beat you until you are dead."
 {¶ 28} Ryan Nguyen testified that he attended the party at Toan Chung's home on December 25, 2004. He testified that appellant and the other co-defendants began to get loud, that appellant told him it was none of his business, and that several people then held appellant. Ryan Nguyen testified that he then heard appellant breaking one of the stairway rails. Although he never saw appellant with a knife and never saw appellant hit anyone that evening, Ryan Nguyen testified that he heard Chau Nguyen, Trinh Hoang and Minh Hoang say, "I got stabbed. I got stabbed. I got stabbed."
 {¶ 29} Nga Mac testified that she attended the birthday party at Toan Chung's home on December 25, 2004. She testified that she was on the first floor of the home, when several people started crawling up from the basement. She testified that the people were bleeding. Nga Mac testified that she then saw a knife in the kitchen sink. She testified that she was scared and she put the knife under the sink, out of sight. Nga Mac testified that she directed the police to the knife when they arrived.
 {¶ 30} Som Huy Nguyen testified that he attended the birthday party at Toan Chung's home on December 25, 2004. He testified that he was in the basement when appellant, Vi Tran, Peter Tran and Andy Tran arrived. He testified that appellant was cursing at someone and being disrespectful, saying that he would kick everybody's ass. Som Huy Nguyen testified that Toan Chung tried to calm appellant down, to no avail. He testified that Toan Chung held appellant but that appellant ultimately broke free. He testified that appellant threatened Toan Chung and broke the stairway railing.
 {¶ 31} Som Huy Nguyen testified that he saw Vi Tran and Andy Tran attacking someone. He testified that he then saw appellant jump in and attack Chau Nguyen and that Chau Nguyen fell to the floor. Som Huy Nguyen testified that there was blood all over the floor.
 {¶ 32} Detective James Pasheilich of the Akron Police Department testified that he was involved in investigating the December 25, 2004 incident at the Chung home. He testified that he interviewed co-defendant Vi Tran, who told him that appellant was asked to leave the party but that he refused because he was afraid that others would call him a chicken. He testified that he interviewed Chau Nguyen who never told him that appellant cut or hit him. The detective testified that Chau Nguyen told him that Peter Tran caused the injuries to his lip and finger. Detective Pasheilich testified that he is familiar with injuries caused by fingernails, and the victims' injuries in this case were not consistent with the type caused by the scrape of a fingernail. Rather, the detective testified that the injuries he saw in this case were consistent with the more than 200 knife wounds he has seen based on his experience in law enforcement.
 {¶ 33} Detective Pasheilich testified that the various co-defendants denied knowing what started the incident at the Chung home, although Vi Tran admitted stabbing people in self-defense.
 {¶ 34} Although there was some conflicting evidence in this case, this Court will not disturb the jury's factual determinations because the jury is in the best position to determine the credibility of the witnesses during trial. Statev. Crowe, 9th Dist. No. 04CA0098-M, 2005-Ohio-4082, at ¶ 22. In addition, this Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the jury chose to believe certain witness' testimony over the testimony of others. Id.
 {¶ 35} A thorough review of the record compels this Court to find no indication that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting appellant of felonious assault as against Chau Nguyen. The weight of the evidence supports the conclusion that appellant used a knife to cut Chau Nguyen's lip, causing physical harm necessitating stitches. The weight of the evidence further supports the conclusion that appellant incited his co-defendants to violence and that he blocked the escape of victims who were stabbed or cut by the co-defendants. Accordingly, this Court finds that appellant's conviction for felonious assault was not against the manifest weight of the evidence. Further, having found that appellant's conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support appellant's conviction, so that the trial court did not err when it denied appellant's Crim.R. 29 motion for judgment of acquittal.
Steven Nguyen and Minh Hoang
 {¶ 36} Appellant was convicted of two counts of assault as against Steven Nguyen and Minh Hoang. Appellant fails to cite to any particular parts of the record in support of his argument that appellant's convictions for assault are against the manifest weight of the evidence. Rather, he merely asserts that the initial statements to the police of certain witnesses conflicts with their later testimony. Again, this Court will not disturb the jury's factual determinations because the trier of fact is in the best position to determine the credibility of the witnesses during trial. Crowe at ¶ 22. Further, this Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the jury chose to believe certain witness testimony over other testimony. Id.
 {¶ 37} Steven Nguyen testified that he attended the birthday party at the Chung home on December 25, 2004. He testified that appellant acted as though he wanted to fight someone. He testified that Vi Tran attacked his leg, that he saw blood coming from leg, and that he tried to escape up the stairs from the basement. Steven Nguyen testified that appellant then blocked his escape and stabbed him in the neck. He further testified that he told the police that appellant punched him in the neck.
 {¶ 38} Minh Hoang testified that he attended the birthday party at the Chung home on December 25, 2004. He testified that appellant was harassing his brother, making him stand up and sit down repeatedly. He testified that he told his brother that they should leave. Minh Hoang testified that appellant then blocked the stairs so no one could leave. He testified that appellant then broke the stairway rail and called him. Minh Hoang testified that appellant stabbed him.
 {¶ 39} Although several witnesses testified that they originally gave conflicting statements to the police, they testified during trial that they did not know why or how the incident started and they were afraid that the defendants would harm them or their families, if they made any accusations.
 {¶ 40} A thorough review of the record compels this Court to find no indication that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting appellant of assault as against Steven Nguyen and Minh Hoang. The weight of the evidence supports the conclusion that appellant knowingly caused physical harm to both victims and/or recklessly caused serious physical harm to the victims. Accordingly, this Court finds that appellant's convictions for assault was not against the manifest weight of the evidence.
 {¶ 41} Appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PERMITTING A JOINT STIPULATION BETWEEN THE STATE OF OHIO AND CO-DEFENDANT VI TRAN TO BE READ INTO EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO CONFRONT WITNESSES AGAINST HIM, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATE CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 42} Appellant argues that the trial court abused its discretion by admitting certain evidence as stipulated by the State and the co-defendant Vi Tran. Specifically, appellant argues that the admission of Detective William Bosak's statement that he interviewed Steven Nguyen and that Steven stated that appellant cut him violated his Sixth Amendment right to confront witnesses against him. This Court disagrees.
 {¶ 43} Appellant concedes that the standard of review regarding challenges to the trial court's admission of evidence is whether the trial court abused its discretion. State v. Sage
(1987), 31 Ohio St.3d 173, 180. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 44} Appellant relies on the holding in Crawford v.Washington (2004), 541 U.S. 36, 68, that the Sixth Amendment precludes the admission of testimonial evidence unless the declarant is unavailable and the party against whom the statement is offered has had a prior opportunity to cross-examine the declarant. Detective Bosak's statement was that he interviewed Steven Nguyen and "[I] got this statement: * * *" It is then Steven Nguyen's statement to Detective Bosak during questioning which implicates appellant. This Court agrees with the State's assertion that, accordingly, Steven Nguyen is the declarant of the challenged evidence and that our analysis must be within that context. See State v. Keenan (1998), 81 Ohio St.3d 133, 142
(finding that a detective's testimony regarding what a co-defendant told him was hearsay, but that because the co-defendant was the declarant of the incriminating statement and the co-defendant testified at trial, the Confrontation Clause was not implicated).
 {¶ 45} There is no dispute that Steven Nguyen's statement to Detective Bosak, given during a police interrogation, is testimonial in nature. Crawford, 541 U.S. at 68. This Court finds the restrictions of Crawford inapplicable to the case before us, however. Steven Nguyen was available and in fact testified at trial that appellant stabbed him in the neck. Appellant had the opportunity to cross-examine him and did so. Accordingly, there was no violation of appellant'sSixth Amendment right to confront this witness against him.
 {¶ 46} This Court further finds Crawford inapplicable to this matter, because Detective Bosak's statement regarding Steven Nguyen's statement was not admitted in regard to the case against appellant. The statement was admitted as part of a co-defendant's case-in-chief, not as part of the State's case against appellant. The trial court noted for the record that appellant had never moved for a separate trial nor objected to being tried at the same time before the same jury as the other three co-defendants.
 {¶ 47} Finally, appellant has failed to demonstrate that he was prejudiced in any way by the reading into the record of Detective Bosak's statement, because the jury had already heard the same statement by the declarant during Steven Nguyen's testimony. In this case, Steven Nguyen testified on direct examination during the State's case-in-chief that appellant stabbed him in the neck. Accordingly, Steven's statement to Detective Bosak was merely cumulative of evidence already properly before the jury. Because the jury had already heard Steven Nguyen's testimony that appellant stabbed him, appellant has not demonstrated that the outcome of the trial would have been different, or that he was prejudiced in any other way, but for the trial court's admission of Detective Bosak's proffered statement regarding Steven Nguyen's statement that appellant cut him. Therefore, the trial court did not abuse its discretion by admitting Detective Bosak's statement regarding Steven Nguyen's statement. Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING THE MEDICAL RECORDS OF STEVEN NGUYEN, CHAU NGUYEN, TRINH HOANG, MINH HOANG, SOM NGUYEN, AND RYAN NGUYEN INTO EVIDENCE AS SAID MEDICAL RECORDS CONTAINED HEARSAY DIAGNOSIS AND TREATMENT STATEMENTS IN VIOLATION OF APPELLANT'S RIGHT TO CONFRONT WITNESSES AGAINST HIM, AS GUARANTEED BY THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 48} Appellant argues that his conviction must be reversed because the trial court violated his constitutional right to confront witnesses against him when it admitted alleged victims' medical records which contained hearsay statements of diagnosis and treatment.[3] This Court finds that appellant has not preserved this argument on appeal.
 {¶ 49} Evid.R. 103(A)(1) states:
"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context[.]"
 {¶ 50} In this case, after stipulating to the authenticity of the medical records, appellant's counsel stated, "I am going to pose an objection just because of the hearsay contained within the medical record, diagnosis of stab wounds and whatnot. I will pose an objection on those grounds." Appellant did not mention or raise the Confrontation Clause in regard to his objection. SeeState v. McGinnis, 9th Dist. No. 05CA0061-M, 2006-Ohio-2281, at ¶ 28. Accordingly, the record demonstrates that appellant failed to properly preserve an objection to the admission of the medical records on constitutional grounds. "The failure to raise a constitutional issue at the trial level waives the right to advance a constitutional argument at the appellate level."McGinnis at ¶ 29. Further, because appellant has not asserted that the trial court committed plain error, this Court declines to undertake such a review. See id. Appellant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN EXCESS OF THE TWO YEAR MINIMUM SENTENCE BY APPLYING AN UNCONSTITUTIONAL STATUTE AND ENGAGING IN JUDICIAL FACT FINDING, IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHT TO A TRIAL BY JURY AS GUARANTEED BY THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 51} Appellant argues that his sentence, imposed pursuant to R.C. 2929.14(B), is unconstitutional and void and that his case, therefore, must be remanded to the trial court for re-sentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. At his sentencing hearing, appellant raised a constitutional challenge to his sentence. The State concedes that appellant must be re-sentenced. This Court agrees.
 {¶ 52} In Foster, the Ohio Supreme Court found R.C.2929.14(B) unconstitutional and excised this section from the statute. Id. at paragraphs one and two of the syllabus. In addition, the high court excised R.C. 2953.08(G) for the same reason. State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 20, citing Foster at ¶ 97. Ultimately, the high court found that defendant-appellants were entitled to new sentencing hearings pursuant to the court's holding. Foster at ¶ 105.
 {¶ 53} In this case, the trial court made factual determinations and imposed a non-minimum sentence pursuant to R.C. 2929.14(B). Accordingly, pursuant to the holding inFoster, this Court finds that appellant's sentence in accordance with R.C. 2929.14(B) is unconstitutional, necessitating remand of the case to the trial court for resentencing. Appellant's sixth assignment of error is sustained.
 III. {¶ 54} Appellant's first, second, third, fourth and fifth assignments of error are overruled. Appellant's sixth assignment of error is sustained. Appellant's conviction out of the Summit County Court of Common Pleas is affirmed, and appellant's sentence is reversed and remanded for further proceedings consistent with this decision.
Judgment affirmed, in part, and reversed, in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Slaby, P.J. Moore, J. concurs.
[1] The United States Supreme Court approved such a charge inAllen v. United States (1896), 164 U.S. 492, for use with a deadlocked jury.
[2] Appellant requested, and the trial court gave, instructions to the jury regarding the lesser included offense of assault in violation of R.C. 2903.13(A) and (B). The verdict forms, however, did not distinguish between the two subsections to indicate pursuant to which subsection the jury found appellant guilty.
[3] Appellant stipulated to the authenticity of the records below.