[Cite as *State v. Lewis*, 2014-Ohio-642.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 13CA0032-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PHILLIP A. LEWIS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 12-CR-0669 |

DECISION AND JOURNAL ENTRY

Dated: February 24, 2014

CARR, Presiding Judge.

{¶1} Appellant, Phillip Lewis, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On November 28, 2012, the Medina County Grand Jury returned an indictment charging Lewis with one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. On December 10, 2012, Lewis appeared for arraignment and entered a plea of not guilty. After a two-day trial, the jury found Lewis guilty of the only count in the indictment. On March 18, 2013, Lewis appeared for a sentencing hearing and was sentenced to a ten-month term of incarceration. The trial court issued its sentencing entry on March 26, 2013.

{¶3} On appeal, Lewis raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF "GUILTY" AS TO THE SOLE COUNT OF DOMESTIC VIOLENCE, AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE THE DEFENDANT-APPELLANT DID NOT "KNOWINGLY CAUSE OR ATTEMPTED TO CAUSE PHYSICAL HARM" TO THE ALLEGED VICTIM.

{¶4} In his assignment of error, Lewis argues that his domestic violence conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Both of Lewis' challenges stem from the premise that the State failed to adequately demonstrate that Lewis caused physical harm to his girlfriend, Amber Powell. This Court disagrees.

**Sufficiency Challenge**

{¶5} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. *State v. Gulley*, 9th Dist. Summit No. 19600, 2000 WL 277908 (Mar. 15, 2000). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶6} Lewis was convicted under R.C. 2919.25(A), which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Pursuant

to R.C. 2919.25(D)(3), a violation of R.C. 2919.25(A) is a felony of the fourth degree if the offender has a prior domestic violence conviction. At trial, the State introduced certified journal entries demonstrating that Lewis had been previously been convicted of domestic violence.

{¶7} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exists." R.C. 2901.22(B). "Physical harm to persons" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2919.25(F)(1)(a)(i) defines "Family or household member" as "[a]ny *** spouse, a person living as a spouse, or a former spouse of the offender." A "'[p]erson living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2).

{¶8} Six witnesses testified on behalf of the State at trial, including several eye witnesses to the incident. On the evening of November 11, 2012, Lewis and his girlfriend Amber Powell hosted a party at their apartment in Medina, Ohio. Lewis and Powell lived together with Powell's infant daughter. The testimony at trial revealed that during the early morning hours of November 12, 2013, Lewis and Powell got into a heated argument that escalated into a physical altercation.

{¶9} Noelle Boulton and Sara Holler were guests of Lewis and Powell on the night of the incident. Boulton described the event as a "little party" where people were drinking. Boulton testified that during the party, an altercation broke out between Lewis and Powell. Boulton saw Powell outside on the ground and heard Powell screaming, "Help me, help me[.]"

Boulton further testified, "I ran over and jumped on top of [Lewis], tried to get him in a choke hold, get him off her." After Boulton was able to get Lewis off Powell, Lewis pushed Boulton to the ground. Holler also attended the gathering. Holler testified that she saw Lewis throw Powell into a table. Holler also heard Powell screaming for help. Like Boulton, Holler attempted to grab Lewis and pull him away from Powell. When Holler attempted to intervene, Lewis grabbed Holler by the neck and threw her to the ground. Holler further testified that after she and Boulton separately attempted to restrain Lewis, Lewis did not continue the altercation with Powell.

{¶10} Jessica Turpin is a neighbor of Lewis and Powell who testified at trial. Turpin testified that in the early morning of November 12, 2013, she heard a commotion outside her window. When she looked out the window to see what was going on, Turpin noticed that her patio table had been knocked over into her sliding glass door. Turpin also saw Lewis and Powell engaged in a verbal dispute that escalated into a shoving match. Turpin testified, "at one point, Amber was leaning up against the back of my grill, which eventually had gotten knocked over by the shoving, and then she was on the ground. And at that point, Phillip [Lewis] was hitting her." Turpin continued that both individuals were attempting to hit each other, but that Lewis had Powell pinned down. Turpin testified that Lewis hit Powell at least three times. After witnessing the altercation, Turpin called 911.

{¶11} Sergeant Nathan Simpson and Officer Brandon Grimm of the Medina police responded to the scene. Officer Grimm testified that when they encountered Lewis, he was pointing at Powell and "just yelling at her hysterically." Officer Grimm testified that Lewis kept screaming, "See what you did," and "I'm not going to jail."

**{¶12}** The evidence presented at trial, when construed in the light most favorable to the State, was sufficient to demonstrate that Lewis caused physical harm to Powell. Holler testified that she watched Lewis throw Powell into a table, and Boulton testified that she saw Powell on the ground crying for help. Both Holler and Boulton testified that they were thrown to the ground by Lewis when they attempted to intervene on Powell's behalf. Turpin testified that she witnessed Lewis hit Powell at least three times. In light of the aforementioned evidence, Lewis cannot prevail on his argument that the State failed to demonstrate that he knowingly caused physical harm to Powell. *Jenks*, 61 Ohio St.3d at 279.

**Manifest Weight Challenge**

**{¶13}** A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

**{¶14}** In support of his manifest weight argument, Lewis emphasizes that his own testimony at trial, as well as the testimony of Powell, demonstrates that he never struck Powell

on the night in question. Lewis further contends that several of the State's witnesses mistakenly perceived the argument between Lewis and Powell as a physical confrontation.

{¶15} At trial, Lewis and Powell testified that two unidentified men got into an altercation during the gathering at their apartment. Both Lewis and Powell testified that Powell approached the two men and attempted to break up the fight before Lewis ultimately pulled her away from the skirmish. Lewis testified that there were two primary reasons that he and Powell proceeded to get into a heated argument. First, Lewis testified that he was upset that Powell had not locked the front door to the apartment. Second, Lewis was angry because he gleaned from Powell's eating habits that she might be pregnant, and Lewis did not want Powell getting involved in a fight if she was pregnant.[1] Lewis testified that as their argument continued, Powell backed up and inadvertently knocked over the grill. As the grill fell, Powell also fell to the ground. When Lewis went to help Powell up, both Boulton and Holler charged him and attempted to restrain him. Lewis testified that he did not understand why the women were touching him given that he was just trying to help Powell.

{¶16} Powell offered a slightly different version of the incident than Lewis. According to Powell, Lewis grabbed her by the shoulders and pulled her back when she attempted to break up the fight between the two unidentified men. As Lewis pulled Powell back, Powell "fell into the grill" but she never fell to the ground. Lewis, on the other hand, fell to the ground as the grill collided with the patio table. Powell also testified that while she and Lewis tend to speak loudly, Lewis was not yelling at her when the police arrived. Both Lewis and Powell testified that Lewis did not strike Powell.

---

[1] Lewis learned later that Powell was not, in fact, pregnant at the time of the incident.

**{¶17}** After a review of the entire record, we cannot conclude that this is the rare and exceptional case where the jury clearly lost its way. As discussed above, the State provided testimony from two witnesses who observed Lewis physically assault Powell, and a third witness who saw Powell on the ground screaming for help. While Lewis challenges the credibility of those witnesses by stressing that both he and Powell testified that no physical altercation took place, we note that "[t]his Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witnesses' testimony over the testimony of others." *State v. Brown*, 9th Dist. Wayne No. 11CA0054, 2013-Ohio-2945, ¶ 42, citing *State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22. In light of the ample evidence presented by the State which demonstrated that Lewis physically assaulted Powell, this Court cannot conclude that Lewis' domestic violence conviction resulted in a manifest miscarriage of justice.

**{¶18}** Lewis' sole assignment of error is overruled.

III.

**{¶19}** Lewis' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.