DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Damon Lee Love has appealed from his convictions of failure to comply with an order or signal of a police officer and resisting arrest. This Court affirms.
 I {¶ 2} On February 7, 2003, the Summit County Grand Jury indicted Appellant on one count of failure to comply with an order or signal of a police officer, in violation of R.C.2921.331(B); driving while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1); driving under suspension, in violation of R.C. 4507.02; and resisting arrest, in violation of R.C. 2921.33(A). Pursuant to R.C.2921.331(C)(5)(a), the enhancement provision of R.C. 2921.331(B), the charge of failure to comply with an order or signal of a police officer was enhanced to a third degree felony.
 {¶ 3} Following a jury trial on June 19, 2003, Appellant was convicted of failure to comply with an order or signal of a police officer and its enhancement provision of creating a substantial risk of serious physical harm to persons or property. He was also convicted of driving under suspension and resisting arrest. By journal entry dated June 25, 2003, the charge of driving while under the influence of alcohol or drugs was dismissed. Appellant was sentenced to two years incarceration for failure to comply with an order or signal of a police officer, six months incarceration for driving under suspension, and sixty days incarceration for resisting arrest. All sentences were to be served concurrently.
 {¶ 4} Appellant has timely appealed his convictions of failure to comply with an order or signal of a police officer and resisting arrest, asserting three assignments of error. We have consolidated his first two assignments of error for ease of analysis.
 II Assignment of Error Number One
"The conviction of the appellant for the charges of failure to comply with signal or order of police officer in this case are against the manifest weight of the evidence and should be reversed. [sic]"
 Assignment of Error Number Two
"The trial court incorrectly denied appellant's motion for acquittal in violation of [crim.r. 29]; specifically, there was not sufficient evidence to prove the offenses of failure to comply with signal or order of police officer and resisting arrest beyond a reasonable doubt."
 {¶ 5} In his first and second assignments of error, Appellant has argued that his convictions of failure to comply with an order or signal of a police officer and resisting arrest were not supported by sufficient evidence and against the manifest weight of the evidence. Specifically, Appellant has argued that the State failed to prove all of the essential elements of each offense beyond a reasonable doubt. We disagree.
 {¶ 6} Appellant was convicted of failure to comply with an order or signal of a police officer, in violation of R.C.2921.331(B), which states that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
 {¶ 7} A violation of R.C. 2921.331(B) is enhanced to a third degree felony if the trier of fact finds, beyond a reasonable doubt, that the offender operated his vehicle in such a way so as to cause a substantial risk of serious physical harm to persons or property. R.C. 2921.331(C)(5)(a). "Substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). "Serious physical harm to persons" is defined as:
"(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
"(b) Any physical harm that carries a substantial risk of death;
"(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
"(d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
"(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5).
 {¶ 8} "Serious physical harm to property" is defined as physical harm to property that either:
"(a) Results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace; [or]
"(b) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time." R.C. 2901.01(A)(6).
 {¶ 9} Appellant was also convicted of resisting arrest, in violation of R.C. 2921.33(A), which states that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 10} Review of the sufficiency of the evidence put forth by the State to convict a defendant at trial, or the manifest weight of the evidence put forth at trial, are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390. In reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution in order to determine whether the evidence before the trial court was sufficient to sustain a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 11} In determining whether a conviction is against the manifest weight of the evidence, an appellate court does not view the evidence in the light most favorable to the State when determining if it has met its burden of persuasion. Gulley,
supra, at 3. Instead,
"[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 12} It is the exceptional case where the evidence weighs heavily in favor of the defendant. Otten, 33 Ohio App.3d 340. In State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4, this Court explained:
"[S]ufficiency is required to take a case to the jury. * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.)
 {¶ 13} In the instant matter, Appellant has argued that the State failed to prove that he did not comply with an order or signal of a police officer along with its enhancement provision that he created a substantial risk of serious physical harm to persons or property because no "`near collisions'" occurred and "[n]othing in the record exists to prove that [Appellant] caused a credible substantial risk of serious physical harm to persons or property." The State has argued that Appellant's conviction was based on sufficient evidence and not against the manifest weight of the evidence.
 {¶ 14} At trial, Officers Burnette and Gray of The University of Akron Police Department testified on behalf of the State. Officer Burnette testified that on the night of September 9, 2002, he was driving a marked police car in the vicinity of The University of Akron ("the University"), in Akron, Ohio. As he was pulling into the parking lot of a gas station on the corner of East Exchange and Brown Streets, he witnessed Appellant driving a motor vehicle, "peeling its tires, [and] fishtailing in front of a group of several black males." Officer Burnette testified that he immediately activated his overhead lights and siren, and proceeded to follow Appellant, spacing his car two car lengths behind Appellant's car. According to the officer's testimony, Appellant failed to stop and proceeded to travel down East Exchange Street, commonly referred to as the "Zip Strip" because of its location adjacent to the University and its dense population of sports bars, night clubs, restaurants, student oriented businesses and student housing facilities. The officer further testified that he called for back-up, and Officer Gray joined in the pursuit of Appellant, following directly behind Officer Burnette's car.
 {¶ 15} Both officers testified that Appellant ran the red light of a major intersection near the "Zip Strip;" drove through residential areas adjacent to the University and the "Zip Strip" at speeds ten to fifteen miles over the posted speed limit; ran two stop signs and drove down the middle of the road in these adjacent residential areas; and forced other drivers to pull to the side of the road so that he could speed past while both police cars were in pursuit. They further testified that Appellant ultimately entered the parking lot of an apartment building, which was effectively a dead end, jumped out of his car with the motor running, left the headlights on and the driver's side door open, and attempted to flee the scene.
 {¶ 16} Both officers testified that in their attempt to apprehend Appellant, they exited their police cars, drew their guns, and told Appellant to lie on the ground. According to their testimony, Appellant refused their commands, and once they determined that Appellant was unarmed, the officers holstered their guns and told Appellant to place his hands behind his back. They further testified that Appellant refused their repeated requests to place his hands behind his back, acted in an aggressive manner toward them, and used force to prevent the officers from placing him in handcuffs. They testified that they eventually subdued Appellant on the ground in order to place him in handcuffs.
 {¶ 17} Appellant did not present a defense at trial.
 {¶ 18} It is well settled that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. As such, "[t]his Court gives deference to the findings of the jury as they are in the best position to determine the credibility of witnesses during trial.State v. Aaron, 9th Dist. No. 21434, 2003-Ohio-5159, at ¶ 17.
 {¶ 19} Our careful review of the record indicates that the State did present ample evidence that Appellant failed to comply with an order or signal of a police officer and created a substantial risk of serious physical harm to persons or property. A jury could reasonably find that speeding through the "Zip Strip" and residential areas adjacent to the University, running stop signs and red lights in the same vicinity, and driving down the middle of the road while police officers were in pursuit with lights and sirens activated created a substantial risk of harm to persons or property and constituted failure to comply with an order or signal of a police officer. A jury could also reasonably find that the failure of Appellant to engage in a "near collision" speaks to nothing more than Appellant's good luck and the careful driving on the part of other motorists on the road; such an assertion is irrelevant to our analysis because it fails to speak to the level of risk that Appellant's reckless driving created. As such, we find that the jury did not lose its way and create a manifest miscarriage of justice when it convicted Appellant of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), and the enhancement provision of creating a substantial risk of serious physical harm to persons or property pursuant to R.C.2921.331(C)(5)(a).
 {¶ 20} Appellant has also argued that his conviction of resisting arrest was based on insufficient evidence and against the manifest weight of the evidence because any physical contact between Appellant and the police officers was instigated by the officers and done to prevent Appellant from resisting arrest. The State has argued that all of the statutory elements of resisting arrest were proven beyond a reasonable doubt and, consequently, Appellant's conviction was based on sufficient evidence and not against the manifest weight of the evidence.
 {¶ 21} Our careful review of the record indicates that the State did present ample evidence that Appellant resisted arrest. A jury could reasonably find that Appellant's refusal to place his hands behind his back, "aggressive" stance, and "[use of] force to keep [the officers] from placing his hands behind his back" satisfied R.C. 2921.33(A). The jury was entitled to believe the testimony as presented by the officers and conclude that Appellant was resisting arrest. As such, we find that the jury did not lose its way and create a manifest miscarriage of justice when it convicted Appellant of resisting arrest, in violation of R.C. 2921.33(A).
 {¶ 22} In sum, this Court finds that this is not an exceptional case where the evidence weighs heavily in favor of Appellant. See, Roberts, supra, at 4 (holding that "[a] new trial is warranted only in the exceptional case where evidence weighs heavily in favor of the defendant"). As a result of the foregoing, Appellant's first and second assignments of error lack merit.
 Assignment of Error Number Three
"The trial court erred to the prejudice of appellant and in violation of [crim.r. 29(a)], article i, section 10 of the ohio constitution and the fourteenth amendment to the constitution of the united states, when it denied appellant's motion for acquittal."
 {¶ 23} In his third assignment of error, Appellant has argued that the trial court erred when it did not grant his motion for an acquittal pursuant to Crim.R. 29(A), which states that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 24} This argument is merely a restatement of Appellant's first assignment of error, which asserted that his convictions were based on insufficient evidence. Because this argument has already been disposed of in the foregoing of this opinion, we decline to address appellant's third assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 25} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Carr, P.J., Batchelder, J. concur.