DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael A. Payne, appeals his conviction out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. The matter proceeded to trial. At the conclusion of trial, the jury found appellant not guilty of the paraphernalia charge, but guilty of illegal use or possession of cocaine. The trial court sentenced *Page 2 
appellant to 10 months in the Ohio Department of Rehabilitation and Correction. Appellant timely appealed, raising three assignments of error for review. This Court consolidates the assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE CONVICTION OF THE APPELLANT FOR THE CHARGE OF POSSESSION OF COCAINE IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED[.]"
 ASSIGNMENT OF ERROR II "THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF [CRIM.R.] 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSES OF CRIMINAL DAMAGING OR ENDANGERING OR ASSAULT BEYOND A REASONABLE DOUBT[.] [sic]"
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF [CRIM.R.] 29(A), ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
 {¶ 3} Appellant argues that his conviction for possession of cocaine was not supported by sufficient evidence and was against the manifest weight of the evidence. This Court disagrees.
 {¶ 4} Crim.R. 29(A) provides, in relevant part: *Page 3 
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 5} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook J., concurring). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction.State v. Jenks (1991), 61 Ohio St.3d 259, 279.
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 6} A determination of whether a conviction is against the manifest weight of the evidence, however, does not permit this Court to view the evidence *Page 4 
in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654,2004-Ohio-1422, at ¶ 11. Rather,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 7} This Court has stated that "[sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 8} Appellant was charged with possession of cocaine in violation of R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2901.22(B) states:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 9} Officer Robert Horvath of the Akron Police Department ("APD") testified that he and his partner Officer Vince Yurick were dispatched on January 17, 2006, to investigate a report that a woman had been raped. He testified that he was directed to a house at 832 East Buchtel in Akron. He testified that he had *Page 5 
responded to other calls at that house on prior occasions. He added that he was informed that Jonathan Toles was at the home, and he knew that there was an active warrant for Toles' arrest. Officer Horvath testified that the police therefore wanted to go to the house to investigate the reported rape and to check for Toles on the outstanding warrant.
 {¶ 10} Officer Horvath testified that the police knocked on the door, identified themselves, and that someone opened the door to them. He testified that he immediately saw "males and females moving around inside the house going in different directions." He testified that he stopped Jonathan Toles, while Officer Yurick went left towards the living room. He testified that he heard his partner yelling at someone "Don't do that," and "Let me see your hands." Officer Horvath testified that he then walked through the living room into the bedroom where he saw a dresser pushed halfway into the doorway. He testified that he saw a broken statue on the dresser which contained what appeared to be a couple rocks of crack cocaine.
 {¶ 11} Officer Vince Yurick of the APD testified that he and his partner, Officer Horvath, were called to investigate the report of a rape on January 17, 2006. He testified that their investigation took them to 832 East Buchtel Avenue in Akron, where they knocked on the door. He testified that someone in the home opened the door and they entered. Officer Yurick testified that he saw two females sitting in the living room, while two black males ran to the back of the *Page 6 
living room and into a bedroom. He testified that he followed one male, who turned out to be appellant. Officer Yurick testified that he saw appellant put something into a broken statue on a dresser and reach again into his pocket. The officer testified that he yelled at appellant not to do that, and appellant removed his hand from his pocket and threw some items on the floor. Officer Yurick testified that he saw a crack pipe, a couple push rods and some Chore Boy on the floor, so he placed appellant in handcuffs. He testified that another officer led appellant out of the bedroom, while he looked in the statue and saw three rocks of crack cocaine in there.
 {¶ 12} Officer Yurick testified that he exited the bedroom and saw Officer Murphy searching appellant. He testified that he saw another rock of crack cocaine that Officer Murphy told him he had removed from appellant's hat. Officer Yurick identified State's exhibits 1 and 3 as the crack which had been placed into evidence bags.
 {¶ 13} Officer Daniel Murphy of the APD testified that he responded to a call for backup on January 17, 2006, at 832 East Buchtel Avenue in Akron. He testified that the officers had been called to investigate the report of a rape in the area. Officer Murphy testified that he entered the house with the other officers. He testified that he then saw Officer Yurick run to a bedroom. He testified that Officer Yurick was struggling with someone to keep the bedroom door open. *Page 7 
Officer Murphy testified that he remained in the living room and monitored other suspects there.
 {¶ 14} Officer Murphy testified that Officer Yurick brought appellant to the living room and informed him he was under arrest. Officer Murphy testified that he assisted in searching appellant. He testified that he found a small piece of what appeared to be crack cocaine in the bill of appellant's hat. Officer Murphy identified State's exhibit 3 as the crack which had been placed into an evidence bag.
 {¶ 15} Robert Velten testified that he is employed by the APD on a contractual basis in the drug identification unit and that he is a full-time employee at the Ohio Bureau of Criminal Identification and Investigation ("BCI"). Mr. Velten identified State's exhibits 1 and 3 as the substances he tested for identification. Mr. Velten testified that the substance in State's exhibit 1 weighed 0.27 grams and tested positive for crack cocaine, and that the substance in State's exhibit 3 weighed 0.10 grams and tested positive for crack cocaine.
 {¶ 16} This Court finds that this is not the exceptional case, where the evidence weighs heavily in favor of appellant. The weight of the evidence supports the conclusion that appellant possessed cocaine. A thorough review of the record compels this Court to find no indication that the jury lost its way and committed a manifest miscarriage of justice in convicting appellant of possession of cocaine. This Court finds that appellant's conviction is not against the manifest *Page 8 
weight of the evidence. Having found that appellant's conviction is not against the weight of the evidence, this Court further necessarily finds that there was sufficient evidence to support the jury's verdict. Appellant's assignments of error are overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. Appellant's conviction out of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 9 
Costs taxed to appellant.
DONNA J. CARR
FOR THE COURT
SLABY, P. J.
WHITMORE, J.
 CONCUR *Page 1