JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Dasha Roberts (appellant) appeals her conviction for failure to comply with order or signal of police officer. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On September 17, 2007, at approximately 2:45 a.m., appellant along with four other women left the Flats area of downtown Cleveland after being thrown out of a nightclub for fighting. The group was hysterical and screaming, and according to appellant, she was driving them to a hospital. Appellant drove the wrong way down Elm, which is a one-way street, and hit another vehicle. Cleveland Police Officer Patrick Brown saw the incident, activated his siren and overhead lights, and followed appellant. Cleveland Police Officer Alberto Alberado also saw the incident. He observed Officer Brown's zone car, with sirens and lights activated, pursuing appellant's vehicle, and positioned his car to join the chase. However, appellant made a wide turn onto Main Street and almost hit Officer Alberado's vehicle.
 {¶ 3} Appellant was driving approximately 50 m.p.h. in a 25 m.p.h. zone. She drove through two stop signs and a red light. She also drove left of center to go around vehicles that were stopped at an intersection as she went through the red light. Officer Brown was approximately 20 yards behind appellant with his lights and siren on during the entire one and a half to two mile chase. Appellant approached the westbound ramp of Route 2 near Edgewater Park, and Officer Brown saw a *Page 4 
bottle fly out of the passenger window, the glass shattering and hitting his car. Just after this, the car came to a stop in the passing lane of Route 2.
 {¶ 4} Officers Brown and Alberado were on the scene, and when the five women got out of the car there was a strong odor of alcohol. The women were upset and screaming and the officers were concerned with getting the women off the highway. However, none of the women requested medical attention. The police arrested appellant. On September 26, 2007, appellant was indicted for failure to comply with order or signal of police officer, in violation of R.C. 2921.331(B). On January 9, 2008, after a bench trial, the court found appellant guilty, and on January 29, 2008, the court sentenced appellant to two years of community control sanctions.
 II {¶ 5} In appellant's sole assignment of error, she argues that "Dasha Roberts has been deprived of her liberty without due process of law by her conviction for failure to comply, as the evidence introduced at trial was not sufficient to prove her guilt beyond a reasonable doubt." Specifically, appellant argues that there is no direct evidence that she acted willfully.
 {¶ 6} When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259. Additionally, direct evidence and circumstantial evidence carry equal weight. "Since circumstantial evidence and direct evidence are indistinguishable so far as *Page 5 
the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. Nothing more should be required of a factfinder." Id. at 272.
 {¶ 7} R.C. 2921.331 governs failure to comply with order or signal of police officer, and section B, of which appellant was convicted, reads as follows: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
 {¶ 8} The term "willfully" is not defined in R.C. 2901.22, which is the statute that covers culpable mental states for criminal liability. However, the 1974 committee comments to R.C. 2901.22 state as follows: "Purpose is defined in terms of a specific intention either to cause a certain result, or to engage in conduct of a certain nature regardless of what the offender intends to accomplish through that conduct. `Purposely' in the new code equates with `purposely,' `intentionally,' `willfully,' or `deliberately' in the former law."
 {¶ 9} The instant case is similar to State v. Garrard,170 Ohio App.3d 487, 2007-Ohio-1244, in which the court held it could be inferred that the defendant acted willfully concerning a failure to comply charge. InGarrard, the police activated lights and siren and began to follow the defendant in his vehicle. The defendant "did not stop, but continued to speed and prolong the police pursuit until he abruptly stopped on [another street]. We may infer appellant willfully eluded the police from such *Page 6 
conduct given that `[i]t is a fundamental principle that a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts.'" Id. at 497 (internal citations omitted). See, also, State v. Love, Summit App. No. 21654, 2004-Ohio-1422 (holding that the following evidence was sufficient to support a failure to comply conviction: defendant ran a red light, drove through residential areas at 10 to 15 m.p.h. over the speed limit, ran two stop signs, drove in the middle of the road, and forced other drivers to pull over, all while two police cars with lights and sirens activated were in pursuit of him); State v. Hill, Hamilton App. No. C-030678, 2004-Ohio-2275 (holding that "when the police car came within view of the defendant's motorcycle," the defendant swerved from lane to lane and sped up from 74 to 120 m.p.h., and the court held that this conduct "was a willful design to flee a police officer").
 {¶ 10} Appellant argues that she and two of her cousins who were in the vehicle that night testified that they did not realize the police were following them until they got on Route 2, and that as soon as they noticed the police, appellant pulled the car over. However, Lakeeta Roberts, one of the passengers, testified that she threw an empty bottle of Heineken out of the window because she did not want the police to think they were drinking and driving. Additionally, appellant testified that she pulled over because she is on probation. This testimony, coupled with appellant's erratic driving, is sufficient to meet the elements of willfully eluding a police officer's signal to bring a motor vehicle to a stop.
 {¶ 11} Accordingly, appellant's sole assignment of error is overruled. *Page 7 
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1