DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eugene Timofeev, appeals from the decision of the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On October 11, 2007, Akron police officers staked out the Rite Aid parking lot on the corner of North Main and Tallmadge streets in the City of Akron. An informant had told Akron police that a drug transaction was going to take place in the parking lot that night. The informant told them the suspects would arrive in a green Oldsmobile.
 {¶ 3} That night, Detective Tim Harvey was stationed in the parking lot in an unmarked vehicle. He observed a green Oldsmobile approach the Rite Aid parking lot. In its attempt to enter the parking lot, the car drove over a concrete median. This caused severe damage to the undercarriage of the car and flattened all four tires. However, the vehicle managed to make its way to a parking space in the lot. Harvey then observed several individuals, including Appellant, *Page 2 
Eugene Timofeev, exit the vehicle to inspect the damage. Harvey noted that upon exiting the vehicle, Timofeev made a call on his cell phone. Harvey then observed Timofeev walk over to a nearby billboard and place an object on the ground. Harvey testified he had an unobstructed view of Timofeev this entire time. Thereafter, Harvey radioed for uniformed officers to come in and place the suspects in custody.
 {¶ 4} While the uniformed officers questioned the suspects, Harvey walked over to where he had seen Timofeev set down the object. Once there, Harvey discovered a small white object that appeared to contain heroin. Subsequent lab tests confirmed that the object contained heroin. The officers then placed Timofeev and his companions under arrest.
 {¶ 5} Detective Michael Schmidt was also part of the surveillance team that night. He also observed Timofeev exit the vehicle. Schmidt testified that Timofeev was distinguishable from the other male passengers in the Oldsmobile. He testified that Timofeev was markedly younger than the other two male passengers, Charles Visher and Albert Van Orman. Schmidt had the opportunity to speak with Timofeev once the uniformed officers had placed him under arrest. During this interview, Timofeev told Detective Schmidt that he was a heroin user and that he also used OxyContin pills.
 {¶ 6} On October 23, 2007, Timofeev was indicted on one count of possession of heroin in violation of R.C. 2925.11(A)(C)(6), a fifth degree felony. The case proceeded to a jury trial on June 19, 2008. At the conclusion of the trial, the jury convicted Timofeev on this sole count. The court sentenced Timofeev to twelve months of incarceration. Timofeev timely appealed his conviction. He has raised two assignments of error for our review. *Page 3 
 II ASSIGNMENT OF ERROR I "THE TRIAL COURT VIOLATED RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE BY DENYING [TIMOFEEV S] REQUEST TO DISMISS THE CRIMINAL CHARGE AGAINST HIM BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE POSSESSED HEROIN."
 {¶ 7} In his first assignment of error, Timofeev contends that the State failed to present sufficient evidence to support his conviction for possession of heroin. We disagree.
 {¶ 8} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(C)(6) specifies that "[i]f the drug involved in the violation is heroin *** whoever violates division (A) of this section is guilty of possession of heroin."
 {¶ 10} Timofeev argues that the officers could not have accurately identified him that night because it was dark and the officers were on the other side of the parking lot. In addition, *Page 4 
he argues that the officers had no way of knowing what was deposited near the billboard because they failed to sweep the parking lot prior to his arrival. Although he has captioned this assignment of error as a challenge to the sufficiency of the evidence, in these arguments, Timofeev has only challenged the credibility of the officers' testimony and the weight it should be given. As such, his arguments are more properly categorized as challenges to the weight of the evidence, not its sufficiency.
 {¶ 11} Nonetheless, our review of the record indicates that the evidence was sufficient to support Timofeev's conviction. Detective Harvey testified that he saw Timofeev exit the vehicle, walk over to the billboard, and set down an object. Lab tests revealed that the object contained heroin. Considering this evidence in the light most favorable to the State, the evidence was sufficient to prove beyond a reasonable doubt that on the night of October 11, 2007, Timofeev knowingly possessed heroin. See R.C. 2925.11(C)(6).
 ASSIGNMENT OF ERROR II "THE VERDICTS IN THIS CASE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AS A RESULT, [TIMOFEEV S] RIGHTS AS PROTECTED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED."
 {¶ 12} In his second assignment of error, Timofeev contends that the verdict in his case was against the manifest weight of the evidence. We disagree.
 {¶ 13} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390. *Page 5 
 {¶ 14} A determination of whether a conviction is against the manifest weight of the evidence does not permit this court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654,2004-Ohio-1422, at ¶ 11. Rather,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 15} In this assignment of error, Timofeev contends that the weight of the evidence supports his version of the events. Timofeev notes that the parking lot was dark that night and that Detective Harvey was positioned on the opposite side of the parking lot, away from where the alleged events took place. Timofeev also claims that the Oldsmobile was blocking Harvey's view of the billboard post where Harvey later found the heroin. In addition, Timofeev argues that the officers never specifically identified him as the person who walked over to the billboard and set the object down. Furthermore, he contends the officers had no way to prove that the heroin had not already been there because they did not sweep the parking lot prior to his arrival. Finally, Timofeev states that Van Orman's testimony contradicted Detective Harvey's testimony.
 {¶ 16} Our review of the record shows no indication that the jury lost its way in reaching its decision to convict Timofeev. Officer Harvey testified that the parking lot was well lit and that he had a clear field of vision at all times. He testified that Timofeev was readily distinguishable from his fellow passengers and that it was in fact Timofeev who walked over to the billboard and placed the object there. In addition, Harvey testified that he recovered the object from the exact spot where he saw Timofeev set it down. The recovered object tested positive for heroin and there is no evidence to challenge this fact. Furthermore, Detective *Page 6 
Schmidt testified that Timofeev told him he was a heroin user, thus creating a rational connection between Timofeev and the heroin recovered that night.
 {¶ 17} Van Orman was the only witness who testified on behalf of Timofeev. However, a rational juror could find Van Orman's testimony to be unreliable because he admitted his memory was poor due to his heavily medicated state on the night in question. Regardless, there is nothing in Van Orman's testimony to contradict Harvey's statements that he saw Timofeev walk over to the billboard and set down an object that turned out to be heroin. That said, Van Orman did testify as to where Timofeev sat in the car. While his version of the seating arrangements differed from that of Detective Harvey, this fact does nothing to address the fact that Detectives Harvey and Schmidt identified and distinguished Timofeev after Timofeev had exited the vehicle. Thus, a rational juror could have decided that Van Orman's testimony did little to challenge the testimony of Detectives Harvey and Schmidt as to the identity of the person who placed the heroin near the billboard that night.
 {¶ 18} In conclusion, a rational jury could give more weight to the testimony of two experienced police officers than to someone who was heavily medicated at the time the events transpired. In any event, Van Orman's testimony did little to challenge the State's evidence as to the elements of this crime. Weighing the evidence, we find no indication that the jury lost its way in convicting Timofeev of possession of heroin. Otten, 33 Ohio App.3d at 340. Timofeev's second assignment of error is overruled.
 III {¶ 19} Timofeev's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J., DICKINSON, J., CONCUR. *Page 1