CITY OF AKRON, Appellant,

v.

HOCKMAN, Appellee.

[Cite as *Akron v. Hockman* (2001), 144 Ohio App.3d 262.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20403.

Decided June 13, 2001.

*Thomas P. Conway* and *Richard V. Zurz,* for appellee Marlene R. Hockman.

*Max Rothal,* Director of Law, and *Douglas J. Powley,* Chief City Prosecutor; and *Patricia M. Ritzert,* Special Prosecutor, Akron, for appellant.

BAIRD, Judge.

Appellant, the city of Akron ("city"), appeals the decision of the Akron Municipal Court quashing the subpoena of Marlene Hockman ("Marlene"), the wife of appellee, Mark Hockman ("Mark"). We reverse.

## I

On September 2, 2000, Akron police officers responded to a domestic violence call. The police officers arrested Mark, an off-duty police officer, for domestic violence, a violation of R.C. 2919.25. On January 2, 2001, Marlene moved the trial court to quash her subpoena to testify. In support of her motion, Marlene stated that she did not desire to be part of a proceedings against her husband, she feared her husband could lose his job, she and her husband were in counseling, and she did not believe that a similar incident would occur in the future.

After a hearing on several pretrial motions,[1] the trial court granted Marlene's motion and quashed her subpoena to testify. This appeal followed.

## II

Assignment of Error:

"The trial court erred in quashing a subpoena for a witness to appear and give testimony at the trial of a criminal case on the basis that the witness preferred not to testify for personal reasons."

In its sole assignment of error, the city argues that the trial court erred by quashing Marlene's subpoena. We agree.

"Any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to

---

1. The record reflects that the trial court conducted a hearing on the pretrial motions on three separate dates. On the first day of the hearing, Marlene withdrew her motion to quash the subpoena. Prior to the third day of the hearing, Marlene again filed a motion to quash the subpoena.

suppress." *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, syllabus. The record reflects that the city fully complied with Crim.R. 12(J) in the present appeal.

In the case *sub judice,* the trial court quashed Marlene's subpoena to testify, citing *State v. Busch* (1996), 76 Ohio St.3d 613, 669 N.E.2d 1125, and *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O.2d 366, 197 N.E.2d 548. In *Busch,* the Supreme Court held that a trial court has the discretion to dismiss charges after considering certain factors of the case, where the complaining witness does not wish to proceed. *Busch* at syllabus and 616, 669 N.E.2d at 1128. However, the General Assembly amended various statutes, effective March 17, 1998, to state that a judge has no authority to dismiss a case solely at the request of the complainant over objection of the prosecutor. See R.C. 1901.20(A), 1907.02(A)(2), and 2931.03.[2]

In *Antill,* the court held that "[w]here a wife, by [R.C. 2945.42], is made a competent witness against her husband, it is not optional with the wife to testify or not; if presented as a witness she may be compelled to testify." *Antill* at paragraph three of the syllabus. R.C. 2945.42[3] provides:

"Husband and wife are competent witnesses to testify in behalf of each other in all criminal prosecutions * * *. Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done * * * in case of personal injury by either the husband or wife to the other[.]"

In the present case, Marlene moved the court to quash her subpoena to testify because the subpoena created an undue burden. Her motion stated that she did not wish to participate in the proceedings against her husband. Marlene believed that her husband might lose his job and this would cause great financial problems for the family. The couple was in counseling and Marlene believed that no further incidents like the September 2, 2000 incident would occur between her and Mark.

---

2. R.C. 2931.03 states:

"A judge of a court of common pleas does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the requests of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case."

3. We note that the portion of R.C. 2945.42 relating to spousal competence has been superseded by Evid.R. 601 since its inception in 1980. *State v. Mowery* (1982), 1 Ohio St.3d 192, 194, 1 OBR 219, 222, 438 N.E.2d 897, 899. Evid.R. 601 provides that "[e]very person is competent to be a witness except: * * * A spouse testifying against the other spouse charged with a crime except when * * * a crime against the testifying spouse or a child of either spouse is charged[.]" Evid.R. 601(B)(1).

At the pretrial hearing, Marlene testified that she and Mark had been married for five years. They have two children, ages three and four. Prior to the September 2, 2000 incident, Marlene described her marriage as "good and bad." Marlene stated that she did not want to testify because "[i]t would jeopardize my marriage and my family, and I don't want to testify. Because it will hurt the family. * * * I love my husband. And I don't want to see our family go through the problems that everybody [sic] and everybody knowing our business. It's bad enough."

The trial court asked Marlene to explain why she was willing to testify against Mark a month earlier. Initially, Marlene believed that she could help her husband by testifying. Since the couple has been in counseling, she realized that her testimony could jeopardize their family. Marlene testified that her arms and legs were bruised when she fell out of the couple's bedroom window on September 2, 2000. She stated that she was not pushed out of the window, she fell out of the window all by herself.

The Ohio Rules of Criminal Procedure do not contain a provision to quash a subpoena other than a subpoena for production of documentary evidence. Crim.R. 17(C). We look to Marlene's motion to quash and find that she has not made a strong showing to support moving beyond what is provided in the Criminal Rules of Procedure.

Furthermore, the trial court has failed to provide support for its decision to quash the subpoena. In overruling *Busch*, the General Assembly revoked the trial court's power to dismiss a case over the prosecution's objections, solely at the request of the complaining witness. See R.C. 2931.03. Moreover, the syllabus law in *Antill* provided trial courts with the authority to compel a competent spouse to testify against their spouse. *Antill* at paragraph three of the syllabus. In the present case, the trial court invoked *Antill* but failed to follow its dictate. The trial court provided no rationale as to why quashing Marlene's subpoena furthered the interests of substantial justice. Accordingly, we find as a matter of law that the trial court erred in quashing Marlene's subpoena.

## III

Having sustained the city's assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

BATCHELDER, P.J., and WHITMORE, J., concur.