[Cite as *State v. Tosatto*, 2012-Ohio-306.]

STATE OF OHIO            )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA         )

STATE OF OHIO                        C.A. No.      10CA0099-M

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
JAMES C. TOSATTO                     COURT OF COMMON PLEAS
                                     COUNTY OF MEDINA, OHIO
    Appellant                     CASE No.      10-CR-0145

DECISION AND JOURNAL ENTRY

Dated: January 30, 2011

CARR, Presiding Judge.

{¶1}    Appellant, James Tosatto, appeals his conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    On April 21, 2010, Tosatto was indicted on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree, based on allegations that he had previously pleaded guilty or been convicted of domestic violence. The matter proceeded to trial, at the conclusion of which the jury found Tosatto guilty. The trial court sentenced him to eighteen months in prison. Tosatto filed a timely appeal in which he raises three assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT REQUIRED APPELLANT'S WIFE TO TESTIFY IN VIOLATION OF THE MARITAL-COMMUNICATIONS PRIVILEGE, IN ACCORDANCE WITH O.R.C. 2945.42 AND EVID.R. 601, AND THAT IT DENIED HIM OF DUE PROCESS.

{¶3} Tosatto argues that the trial court erred by requiring his wife to testify against him in violation of the marital communications privilege pursuant to R.C. 2945.42 and Evid.R. 601. This Court disagrees.

{¶4} As a preliminary matter, this Court notes that we previously recognized that "the portion of R.C. 2945.42 relating to spousal competence has been superseded by Evid.R. 601 since its inception in 1980." *Akron v. Hockman*, 144 Ohio App.3d 262, 264 (9th Dist. 2001), fn. 3, citing *State v. Mowery*, 1 Ohio St.3d 192, 194 (1982). Evid.R. 601 states, in relevant part: "Every person is competent to be a witness except * * * [a] spouse testifying against the other spouse charged with a crime except when * * * a crime against the testifying spouse * * * is charged[.]"

{¶5} Tosatto argues that the trial court erred by requiring his wife to testify as to discussions during their marriage regarding Tosatto's prior incidents of domestic violence. Although Tosatto objected to this line of questioning, he did so solely on the basis of hearsay, not pursuant to Evid.R. 601 or otherwise on the basis of his wife's incompetence to testify.

{¶6} This Court has long held that "an appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention[]" at a time when the trial court might have corrected the error. *State v. Dent*, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶6. "[F]orfeiture is a failure to preserve an objection[.] * * * [A] mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B)." (Internal citations omitted.) *State v.*

*Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶23. By failing to raise the issue below, Tosatto has forfeited his objection to his wife's testimony on the basis of privilege. Moreover, even if the issue had been preserved any error was harmless.

{¶7} Tosatto challenges the admission of his wife's testimony for purposes of establishing his prior conviction for domestic violence. The State, however, presented the testimony of a police officer who investigated a prior domestic violence call involving Tosatto. Sergeant Daniel Huff of the Hinckley Police Department testified that he arrested Tosatto for domestic violence regarding an incident on March 1, 1997. The sergeant testified that he subsequently received a memo from the Prosecutor indicating that Tosatto "pled out" to the charge. He testified that he kept that memo in the normal course of business. The State further presented a certified judgment entry of conviction evidencing Tosatto's 1997 conviction for domestic violence. Sgt. Huff identified Tosatto as the defendant in that case. Because the State presented a certified copy of Tosatto's prior conviction for domestic violence, as well as the testimony of the police officer who investigated that matter and learned that Tosatto had been convicted, Tosatto has failed to demonstrate prejudice.

{¶8} Tosatto's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE STATE OF OHIO FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR III

APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶9} Tosatto argues that his conviction for domestic violence was not supported by sufficient evidence and was against the manifest weight of the evidence. This Court disagrees.

{¶10} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. *State v. Gulley*, 9th Dist. No. 19600, 2000 WL 277908 (Mar. 15, 2000). "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." *Id*., citing *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook J., concurring). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. at paragraph two of the syllabus.

{¶11} A determination of whether a conviction is against the manifest weight of the evidence, however, does not permit this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. *State v. Love*, 9th Dist. No. 21654, 2004-Ohio-1422, at ¶11. Rather,

> "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

> "Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. *Thompkins*, 78 Ohio St.3d at 387. Further when reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a 'thirteenth juror,' and disagrees with the factfinder's resolution of the conflicting testimony. *Id*." *State v. Tucker*, 9th Dist. No. 06CA0035-M, 2006-Ohio-6914, at ¶5.

This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. *Thompkins*, 78 Ohio St.3d at 387.

{¶12} Tosatto was charged with domestic violence in violation of R.C. 2919.25(A) which states:

> "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

R.C. 2901.22(B) states:

> "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶13} "Physical harm to persons" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶14} A "family or household member" includes a "spouse." R.C. 2919.25(F)(1).

{¶15} Tosatto was further alleged to have previously pleaded guilty to or been convicted of domestic violence, thereby elevating the offense level of the crime to a felony of the fourth degree. R.C. 2919.25(D)(3).

Sufficiency of the evidence

{¶16} At trial, Amanda Tosatto testified that she and Tosatto were married and living together on April 10, 2010. She testified that she and Tosatto were drinking at home late in the evening when the couple began arguing about finances and the music she was playing. Mrs.

Tosatto testified that Tosatto approached her and "started grabbing me by my throat" with both hands. She testified that he then grabbed her wrist, "vaguely" injuring her, although she admitted his grasp left marks on her wrist. Mrs. Tosatto testified that she believes that her husband was trying to cause her physical harm and that he in fact caused her physical harm. She authenticated photographs of herself which showed marks on her neck and wrist. She testified that she called the police who responded to the scene, although she does not remember much more because she was intoxicated.

{¶17} Officer Carl Rittenhouse of the Brunswick Hills Township Police Department testified that he responded to a domestic violence call at Tosatto's home on April 10, 2010. He testified that, when he arrived, Mrs. Tosatto was outside crying. He testified that the victim reported that she and her husband were drinking and they started arguing after he accused her of infidelity. The officer testified that Mrs. Tosatto reported that Tosatto grabbed her neck and wrist. She showed him injuries on both her neck and wrist and Officer Rittenhouse took numerous photographs of the victim's injuries. The photographs admitted into evidence clearly show marks on Mrs. Tosatto's neck and wrist.

{¶18} Officer Rittenhouse testified that he spoke with Tosatto inside the couple's home. He testified that the home was in disarray. He testified that before he mentioned the victim's allegation of physical harm, Tosatto informed the officer that he had not touched his wife. After speaking with the victim again, Officer Rittenhouse placed Tosatto under arrest. The officer testified that, pursuant to standard operating procedure, he obtained a records check from dispatch regarding Tosatto, at which time he learned that Tosatto had a prior conviction for domestic violence in Medina County.

{¶19} Sgt. Daniel Huff of the Hinckley Police Department testified that he investigated a domestic violence incident involving Tosatto in Medina County in 1997. He testified that he received a memo from the prosecutor's office indicating that Tosatto "pled out" and was convicted of domestic violence in case number 07CRB00220. He testified that he kept that memo in the ordinary course of business. Sgt. Huff further identified Tosatto as the defendant identified in a certified copy of a judgment entry of conviction for domestic violence in the Medina Municipal Court. The certified copy was admitted into evidence.

{¶20} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of the charge of domestic violence were proved beyond a reasonable doubt. *See Jenks* at paragraph two of the syllabus. The State presented the testimony of Amanda Tosatto who testified that Tosatto was her husband and that the two were living together when, during an argument, he choked her and grabbed her wrist. Authenticated photographs of the victim taken immediately after the altercation show red scratches on her face and neck. The State presented a certified copy of a judgment entry of conviction indicating that Tosatto was convicted of a prior charge of domestic violence in 1997. Accordingly, there was sufficient evidence to establish that Tosatto knowingly caused physical harm to his wife and that he was previously convicted of domestic violence. Tosatto's second assignment of error is overruled.

Manifest weight of the evidence

{¶21} Tosatto did not present a case in chief.

{¶22} Mrs. Tosatto admitted that she tried to get the charges against her husband dropped and that she told others he did not hurt her because she still loves her husband. She further admitted that she did not want to be in court testifying against him because she was

scared. Mrs. Tosatto testified that, notwithstanding the protection order issued when the charge of domestic violence was filed, Tosatto came to where she was staying, grabbed her by the hair, and threw her against the refrigerator and stove and to the floor. She testified that she called the police regarding that recent incident and he was arrested for violating the protection order. Finally, although she admitted that she had lied to others when she told them that her husband had not harmed her, Mrs. Tosatto testified that she was telling the truth about the incident at trial.

{¶23} This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness' testimony over the testimony of others. *State v. Crowe*, 9th Dist. No. 04CA0098-M, 2005-Ohio-4082, at ¶22.

{¶24} A review of the record indicates that this is not the exceptional case, where the evidence weighs heavily in favor of Tosatto. A thorough review of the record compels this Court to find no indication that the trial court lost its way and committed a manifest miscarriage of justice in convicting Tosatto of domestic violence. The weight of the evidence supports the conclusion that Tosatto choked his wife and forcibly grabbed her wrist during an argument, leaving visible scratches and red marks. Mrs. Tosatto testified regarding the physical harm and her husband's demeanor during the altercation. Officer Rittenhouse photographed the marks on the victim's body at the scene after Mrs. Tosatto described the incident to him. A certified copy of a judgment entry of Tosatto's prior conviction for domestic violence was admitted into evidence. Sgt. Huff identified Tosatto as the defendant he had arrested for that prior incident of domestic violence. The weight of the evidence supports the conclusion that Tosatto knowingly caused or attempted to cause physical harm to his wife and that he had a prior conviction for domestic violence. Accordingly, his conviction for domestic violence is not against the manifest weight of the evidence. Tosatto's third assignment of error is overruled.

III.

{¶25} Tosatto's assignments of error are overruled. His conviction in the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.